UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD ROBERSON, | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )   No. 17-4266 |
| | ) |
| ROCK ISLAND COUNTY JAIL, et. al., | ) |
|    Defendants | ) |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims his constitutional rights were violated by the Rock Island County Jail, Officer Prine, Officer Moore and Officer Singleton. The Court notes the jail is not a proper Defendant since it is a building and not a "person" amenable to suit under § 1983. *See Powell v. Cook County Jail*, 814 F.Supp. 757 (N.D.Ill. Mar. 2, 1993); *Pope v Racine Correctional Inst.*, 2012 WL 4470214 at 2 (Sept. 27, 2012) (correctional center is not a proper defendant). Therefore, the Court will dismiss this Defendant.

1

On August 10, 2017, Plaintiff was located in the A-Block housing unit. However, Plaintiff voluntarily signed himself into segregation so he could "catch up on some sleep due to the early hours we have to awake in the mornings…" (Comp., p. 5).

On August 11, 2017, Plaintiff asked to go back to general population, but staff members refused stating "they don't move (inmates) on first shift." (Comp., p. 5). Plaintiff says it "was a lie," but he waited for second shift. (Comp., p. 5). Plaintiff was again told staff would not move inmates during second shift, so he waited for third shift.

Plaintiff was still in segregation on August 12, 2017, and he again asked first shift officers to move him. Plaintiff was told he would move at shift change, but nothing happened.

During second shift, Plaintiff asked Officer Singleton to move him back to general population and the Defendant agreed Plaintiff could move after dinner. Defendant Singleton confirmed Plaintiff would be moving back to A-block. Plaintiff then asked if he was going back to his old cell. "'[I]nstead of him answering me, C/O Prine come through the intercom yelling at me and stating I'll go where I'm told…" (Comp., p. 6). Plaintiff told Defendant Prine he was not talking to him and to "mind his business." (Comp., p. 6). Prine became angry and refused to move Plaintiff.

On August 13, 2017, Plaintiff "demanded" to speak with a Lieutenant or Sergeant. (Comp., p. 6). When the officers ignored him, Plaintiff then "stuck my arm out the chuck to prevent it from being closed." (Comp., p. 6). When Officer Utz attempted to close it, Plaintiff repeated his demand, but the officer said he could "care

2

less and never brought me a lieutenant or sergeant." (Comp., p. 6). Ultimately, Officer Boswell agreed if would check whether Plaintiff could still move back to general population after dinner, and Plaintiff "let him close the chuckhole." (Comp., p. 6).

After dinner, Plaintiff asked Officer Boswell about moving, but the officer informed Plaintiff he could not move because Officer Utz had written a disciplinary ticket accusing Plaintiff of throwing a tray at the officer. Plaintiff asked Officer Boswell to get a sergeant or lieutenant to find out why Plaintiff had not been moved and why Officer Utz wrote a "false ticket" against him, (Comp., p. 6). No one came to Plaintiff's cell.

Plaintiff was let out of his cell for an hour during the evening and the "whole time I was pressing the intercom requesting to speak with a lieutenant/sergeant," but officers stopped answering the intercom. (Comp., p. 7).

Plaintiff then asked for a shower which he was allowed, but within "two seconds" Defendants Moore and Singleton were standing outside "threatening to snatch me out…" (Comp., p. 7). Plaintiff again asked to see a sergeant or lieutenant, but the officers told him he better lock up before things got "ugly." (Comp., p. 7).

Defendant Prine and another officer then arrived with tasers ant told Plaintiff to lock up. Plaintiff responded by putting his hands on his head and stating he was not a threat to anyone. He just wanted to speak to a sergeant or lieutenant.

> C/Os Moore and Singleton used this time to advance on me from behind and snatch my hands from over my head, pulled me under the camera and play tug of war with me and made it appear as if I was resisting and C/O Prine seized the opportunity and did what his evil heart desired to taze me. (Comp, p. 7).

3

Plaintiff says he has had "several encounters" with Defendant Prine in the past. (Comp., p. 7). In addition, since he the incident, Plaintiff claims his nerves have been jumping and he wakes up at night "with my spinal cord shaking." (Comp, p. 8).

Plaintiff does not state whether he was a pretrial detainee or a convicted prisoner at the time of his allegations. While the Fourteenth Amendment does provide pretrial detainees with some greater protection than a convicted prisoners, Plaintiff does not have a constitutional right to demand to be moved at the moment he makes the request, to demand assignment to a specific cell, to refuse to close his chuck hole door, to demand to speak to a higher ranking officer, or to refuse orders to lock up. In addition, Plaintiff admits he voluntarily chose to move to segregation and the fact that he remained in segregation two to three days longer than he desired does not state a constitutional violation. *See Holly v. Woolfolk*, 415 F.3d 678 (7th Cir. 2008)(placing pretrial detainee in segregation for two days prior to hearing did not violate due process).

However, Plaintiff also alleges Defendants Moore, Singleton and Prine used unnecessary force against him. "In the context of excessive force claims, different standards apply to prisoners and pretrial detainees." *Silliman v. Davis*, 2017 WL 1908521, at *2 (S.D.Ill. May 10, 2017) *citing Kingsley v. Hendrickson*, --- U.S. ----, 135 S. Ct. 2466, 2475 (2015). "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 135 S.Ct. at 2472–73. "[O]bjective reasonableness turns on the facts and circumstances of each particular case," including "the relationship between the need for the use of force and the amount

4

of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* at 2473 (quotation marks and citation omitted). "The absence of significant injury will not defeat a claim of excessive force." *Williams v. Stauche*, 2017 WL 4179822, at *4 (7th Cir. 2017) *citing Hudson v. McMillian*, 503 U.S. 1, 4 (1991).

Defendants may be able to demonstrate Plaintiff was ignoring repeated orders to lock up and the force used was "a good-faith effort to maintain or restore discipline. " *Hudson v. McMillian*, 503 U.S. 1, 6 (1992); *see also Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010). Nonetheless, in reviewing the complaint, the Court must accept the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Therefore, for purposes of notice pleading, Plaintiff has adequately alleged the three Defendants used excessive force against him on August 13, 2017.

Plaintiff is reminded he must fully exhaust his administrative remedies at the jail before filing a complaint in federal court. If Plaintiff did not exhaust his remedies, he may file a motion to voluntarily dismiss within 21 days of this order, and the Court will dismiss this lawsuit and waive any unpaid portion of the filing fee.

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Prine, Moore, and Singleton used excessive force against the Plaintiff on August 13, 2017 in violation of his

Fourteen Amendment rights. [1]The claim is stated the Defendants in his individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for

---

[1] The parties must clarify whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of the incident.

effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendant Rock Island County Jail for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Attempt service on Defendants pursuant to the standard procedures; 3) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines and 4) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 12th day of December, 2017.

                          s/ James E. Shadid
                     _____
                           JAMES E. SHADID
                        UNITED STATES DISTRICT JUDGE